# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **GREGORY P RHODES,** ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | 2:26-cv-111-ACA |
| ] | |
| **U.S. INTERNAL REVENUE SERVICE,** ] | |
| ] | |
| Defendant. ] | |

## MEMORANDUM OPINION

Plaintiff Gregory P Rhodes filed this action against the United States Internal Revenue Service ("IRS"), alleging the IRS violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by failing to disclose responsive records that he requested. (Doc. 1 ¶¶ 38–44). But it is clear from the complaint that Mr. Rhodes made the request on behalf of a client and not himself. Because Mr. Rhodes did not make the FOIA request on his own behalf, the IRS's failure to disclose the records did not inflict a concrete injury on him, as required for a plaintiff to have Article III standing. Accordingly, the court **WILL DISMISS** this action **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

### I.  BACKGROUND

Mr. Rhodes is an attorney who represents Agate Manager, LLC as Partnership Representative of Agate Holdings, LLC. (Doc. 1 ¶¶ 16–17). He filed a FOIA request

with the IRS on behalf of Agate Manager pursuant to a power of attorney. (*See id.*; doc. 1-1 at 4 ("I represent Agate Manager, LLC as Partnership Representative of Agate Holdings, LLC. Enclosed is the Power of Attorney . . . confirming the foregoing.")). He later filed a supplemental FOIA request, defining Agate Holdings as "the Taxpayer" and stating that "[t]he Taxpayer initially requested information . . . and this request is intended to supplement the initial request." (Doc. 1-8 at 4). The IRS has not supplied the requested documents within the time required by FOIA. (Doc. 1 ¶ 34).

## II.  DISCUSSION

Standing is jurisdictional. *Nelson v. Experian Info. Sols. Inc.*, 144 F.4th 1350, 1353 (11th Cir. 2025). To have standing, the plaintiff must show an injury in fact, traceability, and redressability. *Id.* At the early stages of litigation, that means the plaintiff "needs to plead (and later support) an injury that is concrete, particularized, and actual or imminent, rather than conjectural or hypothetical." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 925 (11th Cir. 2020) (en banc). Here, Mr. Rhodes's complaint does not allege that he suffered an injury in fact. Rather, it alleges that Agate Holdings suffered the injury because the IRS failed to provide the documents Agate Holdings requested through Mr. Rhodes, who was acting as its agent. (*See* doc. 1 ¶¶ 16–17, 34; doc. 1-1 at 4).

Mr. Rhodes counters with four arguments. First, he argues that the complaint could be construed to allege that he made the FOIA request in his personal capacity. (Doc. 4 at 3). Standing alone, the complaint might be ambiguous enough to support that interpretation. (*See* doc. 1 ¶¶ 7, 16–17); *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1249 n.2 (11th Cir. 2003) (explaining that at the pleading stage, factual ambiguities in the complaint must be construed in favor of the plaintiff). But the complaint does not stand alone. Mr. Rhodes attached a number of documents to it, and those documents are "a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). The attachments make clear that Mr. Rhodes was not acting on his own behalf but was instead acting on Agate Holdings' behalf. (*See* doc. 1-1 at 4–9; doc. 1-8 at 4–10). Of note, Mr. Rhodes's supplemental FOIA request expressly acknowledged that "[t]he Taxpayer" (*i.e.*, Agate Holdings) made the initial request. (Doc. 1-8 at 4). Accordingly, the court cannot construe the pleading to allege that Mr. Rhodes made the FOIA request on his own behalf.

Next, Mr. Rhodes argues that FOIA bestows standing on anyone who submits a request. (Doc. 4 at 3–7). But Mr. Rhodes was not the FOIA requester. As highlighted above, his complaint and the documents attached to it make clear that Agate Holdings requested the information. Mr. Rhodes acted as its agent and not in his personal capacity. Accordingly, Agate Holdings suffered the injury of requesting documents that the IRS did not disclose.

Next, Mr. Rhodes argues that he has standing as Agate's representative. (Doc. 4 at 8–9). In support, he cites a non-binding district court opinion. (*Id.*). The court does not find that opinion persuasive.

Finally, Mr. Rhodes also argues that he has something analogous to associational standing. (*Id.* at 8 n.1). "To benefit from associational standing, [an organization] must establish three elements: the [organization]'s members must otherwise have standing to sue, the interests the lawsuit seeks to protect must be germane to the [the organization]'s purpose, and the claim can be resolved and the requested relief granted without the participation of individual members." *Baughcum v. Jackson*, 92 F.4th 1024, 1031 (11th Cir. 2024). But Mr. Rhodes is not an organization; he is an individual who must allege facts showing that *he* has suffered an injury. *See Muransky*, 979 F.3d at 925. As the court has explained, he has not done that.

## III. CONCLUSION

For the reasons stated above, the court **WILL DISMISS** this action **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**DONE** and **ORDERED** this February 18, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE